**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Electric Insurance Company,

       Plaintiff,

   vs.

Michael Lee Crane, et al.,

       Defendants.

No. CV-13-01395-PHX-PGR

ORDER

In a complaint filed on July 11, 2013, the plaintiff alleges that the Court has diversity of citizenship jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332.  Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction.  The Court will therefore require the plaintiff to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case,

unless the defect be corrected by amendment.")

The jurisdictional allegations concerning the defendants are that Michael Crane is currently incarcerated in the Maricopa County jail and that his last known residence was in Mesa, Arizona and that Jessica Gaudet, Heidi Gaudet and Melissa Gaudet are all residents of Clark County, Nevada.  These allegations are facially deficient because it is black letter law that an allegation of residency does not suffice for purposes of § 1332. *See* <u>Steigleder v. McQuesten</u>, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

The plaintiff is advised that its failure to timely file an amended complaint that cures the pleading deficiency noted in this Order shall result in the dismissal of this action for lack of subject matter jurisdiction.[1]  Therefore,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint

---

[1]

The plaintiff is advised that the complete capitalization of a party's name in the caption of any document filed with the Court violates LRCiv 7.1(a)(3) unless that party's name is completely capitalized in its normal use.  The caption of the amended complaint must comply with the local rule.

properly stating a jurisdictional basis for this action no later than **August 5, 2013.**

IT IS FURTHER ORDERED that the plaintiff shall serve a copy of this Order on any defendant already served with process.

DATED this 23rd day of July, 2013.

Paul G. Rosenblatt
United States District Judge